Brendetta A. Scott
SBN. 24012219
The Anthony Scott Law Firm2500
Tanglewilde, Ste.274
Houston, TX 77063
Phone: (713) 401-3447ex
Fax: (713) 583-0646
Email: brendetta@anthonyscottlaw.com
Attorney for Stacy Payne, Appellee/Movant

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| | **Case No. 21-31735-SGJ-7** |
| **In Re:** § | |
| § | **Adversary No. 22-03030** |
| **Marcus Jarrod Payne, Debtor** § | |
| § | **Adversary No. 22-03058** |
| **Stacy Payne, Plaintiff** § | |
| § | **Consolidated Adversary Cases** |
| **vs.** § | |
| § | **Civil Case Case No.: 3:22-cv-02709-X** |
| **Marcus Jarrod Payne, Defendant** § | |

**APPELLEE STACY PAYNE'S APPENDIX**

| | |
|---|---|
| **Exhibit A – Permanent Injunction** | **2** |
| **Exhibit B – Docket for District Court Case No. 3:22-CV-2440-L** | **5** |
| **Exhibit C – Dismissal Order in District Court Case No. 3:22-CV-2440-L** | **8** |
| **Exhibit D – Bankruptcy Court's Order Denying the Court of Appeals Motion** | **11** |
| **Exhibit E – NOTICE REGARDING THE RECORD FOR A BANKRUPTCY APPEAL** | **18** |
| **Exhibit F – TRANSMITTAL AND CERTIFICATION OF RECORD ON APPEAL** | **20** |
| **Exhibit G – Contempt Order** | **21** |

# EXHIBIT A



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 13, 2022**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURTFOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| In Re: | |
| | Case No. 21-31735-SGJ-7 |
| Marcus Jarrod Payne, Debtor | |
| Stacy Payne, Plaintiff | Adversary No: 22-03030 |
| vs. | Adversary No: 22-03058 |
| Marcus Jarrod Payne, Defendant | Consolidated Adversary Cases |

## PERMANENT INJUNCTION

On July 1, 2022, the Court consolidated Plaintiff Stacy Payne's request for a temporary injunction with the trial on the merits for a permanent injunction against Defendant Marcus Jarrod Payne pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

The Court has considered the request of Plaintiff Stacy Payne for a permanent injunction against Marcus Jarrod Payne and makes the following **FINDINGS**:

1. It is necessary to grant Plaintiff a permanent injunction that is more specific in nature because of what the evidence has shown.  Communications were sent to Plaintiff's aunt, co-worker, and sorority sister, and Defendant has filed pleadings and documents that are scandalous and defamatory.

2. Defendant's pleadings, which include mug shot pictures, incident reports, and/or narrative descriptions of scandalous and defamatory situations, which have been expunged, have been harassing to Plaintiff pursuant to Bankruptcy Rule 9011.

3. Plaintiff is at imminent risk of irreparable injury that will harm Plaintiff's reputation, harm Plaintiff's privacy, and cause emotional harm to Plaintiff because Defendant has harassed Plaintiff.

4. There is no adequate remedy at law available to the Plaintiff because absent relief Plaintiff will continue to be harassed by Defendant.

5. The plaintiff has a likelihood of success on the merits.

6. The imminent risk of injury to Plaintiff outweighs any potential injury to Defendant from grant of the injunctive relief sought by Plaintiff.

7. Entry of a permanent injunction is in the public interest.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT**

1. Defendant Marcus Jarrod Payne and any individual or entity, including but not limited to Defendant, Defendant's officers, agents, servants, and employees acting in concert with Defendant are permanently enjoined from directly or indirectly harassing Plaintiff by filing any pleadings and from sending any emails, mailings or communications regarding police reports, mugshots, pictures and any descriptions regarding what has been expunged plus anything that is defamatory, scandalous, annoying, alarming and/or harassing to Plaintiff. Communications shall include, but are not limited to, mail, email, screenshot / text message, fax, internet, or hand delivery.

2. Bond is waived and this order is enforceable immediately.

3. The Plaintiff shall immediately serve a copy of this order on Defendant.

### End Of Order ###

2

Order drafted by:

Brendetta A.  Scott State Bar No. 24012219
The Anthony Scott Law Firm, PLLC
2500 Tanglewilde, Ste. 274
Houston, Texas, TX 77063
Phone: (713) 401-3447
Fax: (713) 583-0646
Email: brendetta@anthonyscottlaw.com

Attorney for Stacy Payne, Plaintiff/Movant

3

BKAPP,CLOSED

# EXHIBIT B

## U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:22-cv-02440-L

Payne et al v. Payne                                  Date Filed: 11/02/2022
Assigned to: Judge Sam A. Lindsay                    Date Terminated: 11/08/2022
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA    Jury Demand: None
                                                     Nature of Suit: 422 Bankruptcy: Appeal 28
                                                     USC 158
                                                     Jurisdiction: Federal Question

**Debtor**

**Marcus Jarrod Payne**                represented by   **Marcus Jarrod Payne**
                                                     1167 W Campbell Road
                                                     #5418
                                                     Garland, TX 75044
                                                     214-791-6036
                                                     Email: mmjpayne@gmail.com
                                                     PRO SE

**Appellant**

**Marcus Jarrod Payne**                represented by   **Marcus Jarrod Payne**
                                                     (See above for address)
                                                     PRO SE

V.

**Appellee**

**Stacy E Payne**                      represented by   **Brendetta Anthony Scott**
                                                     The Anthony Scott Law Firm, PLLC
                                                     2500 Tanglewilde Street
                                                     Ste 274
                                                     Houston, TX 77063
                                                     713-401-3447
                                                     Fax: 713-583-0646
                                                     Email: brendetta@anthonyscottlaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Bar Status: Admitted/In Good Standing*

**Bankruptcy Judge**

**Stacey G Jernigan**                  represented by   **Stacey G Jernigan**
                                                     US Bankruptcy Court
                                                     Chambers of Judge Stacey G C Jernigan
                                                     1100 Commerce St
                                                     Room 1254
                                                     Dallas, TX 75242-1496
                                                     214-753-2040

Payne v. Payne    000005

1/3/23, 8:54 AM District Version 1.6.3

Email: sgj_settings@txnb.uscourts.gov
PRO SE

V.

**Notice Only**

**Case Admin Sup**      represented by **Case Admin Sup**
Email: txnb_appeals@txnb.uscourts.gov
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2022 | 1 | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 22-03030 and the notice of appeal has now been docketed in the district court in case 3:22-cv-2440. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Mini Record Volume 1) (Whitaker - TXNB, Sheniqua) (Entered: 11/02/2022) |
| 11/02/2022 | | New Case Notes: A filing fee has been paid. Case received over counter or electronically. No prior sanctions found. (For court use only - links to the national and circuit indexes.) (sxf) (Entered: 11/02/2022) |
| 11/07/2022 | 2 | Emergency Request for Authorization to File a Direct Appeal to the 5th Circuit Court of Appeals filed by Marcus J Payne. (ygl) (Entered: 11/07/2022) |
| 11/07/2022 | 3 | Emergency MOTION to Stay Permanent Injunction and, Alternatively, for a Preliminary Injunction Pending Consideration of this Motion, Pursuant to F.R.A.P.(a)(1)(c) filed by Marcus J Payne. (Attachments: # 1 Additional Page(s), # 2 Additional Page(s), # 3 Additional Page(s), # 4 Additional Page(s)) (ygl) (Entered: 11/07/2022) |
| 11/08/2022 | 4 | ORDER: dismissing appeal for lack of jurisdiction. (Ordered by Judge Sam A. Lindsay on 11/8/2022) (chmb) (Entered: 11/08/2022) |
| 11/08/2022 | 5 | JUDGMENT (Ordered by Judge Sam A. Lindsay on 11/8/2022) (chmb) (Entered: 11/08/2022) |
| 11/09/2022 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:4,5. Wed Nov 9 10:46:10 CST 2022 (crt) (Entered: 11/09/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/03/2023 08:54:05 | | |
| **PACER Login:** | BrendScottscott | **Client Code:** | Stacey Payne |

1/3/23, 8:54 AM                                     District Version 1.6.3

| Description: | Docket Report | Search Criteria: | 3:22-cv-02440-L |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.20 |

Payne v. Payne    000007

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARCUS PAYNE,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-2440-L** |
| | § | |
| **STACY PAYNE,** | § | |
| | § | |
| Appellee. | § | |

## ORDER

Before the court are the Motions for Emergency Authorization to File a Direct Appeal to the 5th Circuit Court of Appeals (Doc. 2) and for Emergency Stay of a Permanent Injunction (Doc. 3), both of which were filed on November 7, 2022, by pro se Appellant Marcus Payne.

This is an appeal by Chapter 7 Debtor Marcus Payne from the permanent injunction entered against him by the bankruptcy court in consolidated Adversary Case Nos. 22-03030 and 22-03058, which were filed by Mr. Payne's ex-wife Stacy Payne to contest the dischargeability of certain debts. According to the appellate record in this case, on July 1, 2022, the bankruptcy court consolidated Stacy Payne's request for a preliminary injunction with the trial on the merits for a permanent injunction against Mr. Payne pursuant to Federal Rule of Civil Procedure 65(a)(2). On July 13, 2022, the bankruptcy court granted Ms. Payne's request for injunctive relief and entered a permanent injunction against Mr. Payne that prevents him and others on his behalf from harassing Ms. Payne. To date, no judgment on the merits has been entered in the adversary actions. The bankruptcy clerk's Transmittal and Certification of Record on Appeal, filed November 2, 2022, states that the record transmitted contains all items listed in the attached appendix "but is not in

compliance with Rule 8009 of the Federal Rules of Bankruptcy Procedure and is "deficient" because the appeal was "not timely filed." Doc. 1.

Although interlocutory, the bankruptcy court's order granting the permanent injunction is immediately appealable under 28 § 1292(a). *See Auto Parts Mfg. v. King Construction of Houston, LLC*, 782 F.3d 186, 191 (5th Cir. 2015) (explaining that appellate courts "have jurisdiction pursuant to 28 U.S.C. § 1292(a), which grants [appellate courts] jurisdiction to hear the appeal of an interlocutory order granting an injunction"). The court, nevertheless, lacks jurisdiction to entertain Mr. Payne's appeal of the permanent injunction.

"Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings." *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) (citation omitted). The timely filing of a notice of appeal in a bankruptcy case is jurisdictional. *In re Dorsey*, 870 F.3d 359, 362 (5th Cir. 2017). Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that a notice of appeal must be filed in the bankruptcy court "within 14 days after entry of the judgment, order, or decree being appealed." This rule applies to final orders, as well as interlocutory orders. *In re O'Connor*, 258 F.3d 392, 398 (5th Cir. 2001).

Mr. Payne did not file his Notice of Appeal until October 31, 2022, approximately three and one-half months after entry of the bankruptcy court's order granting the permanent injunction. His appeal of the injunction is, therefore, untimely, and his time for filing a notice of appeal under Bankruptcy Rule 8002 was not tolled by the filing of a motion for relief under Federal Rules of Civil Procedure 52, 59, or 60 within 14 days after entry of the permanent injunction. Fed. R. Bankr. P. 8002(b)(1). "[W]hen an appeal to the district court is untimely under Rule 8002(a), the

Order - Page 2

district court lacks jurisdiction over the appeal." *In re Berman-Smith*, 737 F.3d 997, 1000 (5th Cir. 2013) (citation omitted).

As the court lacks jurisdiction over Mr. Payne's untimely appeal of the permanent injunction that was entered against him by the bankruptcy court, it *sua sponte* **dismisses** this action for lack of jurisdiction and **directs** the clerk of the court to term his motions for emergency relief (Docs. 2, 3).

**It is so ordered** this 8th day of November, 2022.

Sam A. Lindsay
United States District Judge

**Order - Page 3**

# EXHIBIT D





CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 6, 2022**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Case no. 21-31735** |
| | § | |
| **MARCUS JARROD PAYNE,** | § | **(Chapter 7)** |
| | § | |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **STACY PAYNE,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Adversary No. 22-03030-sgj** |
| | § | **Adversary No. 22-03058-sgj** |
| | § | |
| **MARCUS JARROD PAYNE,** | § | |
| | § | |
| Defendant. | § | **Consolidated Adversary Cases** |

### ORDER DENYING APPELLANT'S REQUEST FOR CERTIFICATION OF DIRECT APPEAL TO THE FIFTH CIRCUIT COURT OF APPEALS

CAME ON BEFORE THIS COURT the Request of Marcus Jarrod Payne (the "Appellant" or "MJP") for Certification of Direct Appeal to the Fifth Circuit Court of Appeals (the "Request for Certification") [Dkt. No. 167; amended at Dkt. No. 168]. For the following reasons, the court will deny the Request.

By way of background, Plaintiff Stacy Payne ("SP") and Appellant/MJP are former spouses who filed for divorce from one another in May 2019 in the 303rd Judicial District Court in Dallas County, Texas ("Family Court"). After mediation, they entered into an Agreed Final Decree of Divorce signed by the Family Court on December 2, 2019 (the "Divorce Decree") [*See* Dkt. No. 92 at Ex. A].[1] The Divorce Decree contained a "release," releasing each respective party "from every claim, demand, right and obligation whatsoever, both in law and in equity, that either of them ever had or now has against the other or their property…including tort claims of any kind, or thing up to entry of this Agreed Final Divorce Decree (the "Release")" *Id.* at p. 22. Both parties signed it.

In March of 2020, MJP sued SP for defamation and related torts ("Defamation Suit"), based on statements allegedly made by SP in connection with a pre-divorce domestic dispute and 911-call—all of which occurred before the entry of the Divorce Decree.  The Defamation Suit was filed in the 134th Judicial District Court of Dallas County, Texas. SP answered and moved to dismiss based on the Release in the Divorce Decree. The Defamation Suit was subsequent transferred to the Family Court. MJP appealed the interlocutory transfer order, and the Court of Appeals for the Fifth District of Texas at Dallas dismissed the appeal for want of jurisdiction, ordering that SP recover her costs from MJP [Dkt. No. 92 at Ex. B]. The Family Court later granted SP's motion to dismiss the Defamation Suit and awarded her $20,000 in attorney's fees and expenses [Dkt. No.

---

[1] All Dkt. No. references are to the docket maintained by the Bankruptcy Clerk in Adversary Proceeding No. 22-3030, unless otherwise indicated.

1

92 at Ex. D]. MJP appealed, and the Court of Appeals for Sixth Appellate District of Texas at Texarkana affirmed the Family Court's ruling [Dkt. No. 92 at Ex. C]. *See also* Payne v. Payne, No. 06-20-00051-CV (Ct. App—Texarkana Apr. 1, 2021).[2]

The Family Court also oversaw a post-divorce enforcement action centering around the qualified domestic relation order (QDRO) completion and approval process. MJP was required to prepare, submit, and pay the cost of obtaining the post-divorce QDROs. MJP failed to do so properly, and SP hired a professional to correct the errors. When SP then moved for entry of judgment from the Family Court, MJP filed repeated objections, afterwards initiating an action against SP in relation to the QDROs. After finding MJP's actions groundless and for the purpose of harassment, the Family Court awarded several judgments in SP's favor, for both sanctions and attorney's fees [Dkt. No. 92 at Ex. E-H].

On September 28, 2021, MJP commenced a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court for the Northern District of Texas [*See* Case No. 21-31735].

The Nondischargeability Adversary Proceeding (# 22-3030).   On February 28, 2022, SP filed a complaint pursuant to 11 U.S.C §523(a)(5) and (a)(15), initiating Adversary Proceeding No. 22-3030, objecting to the dischargeability of the debts stemming from six judgments or orders rendered against MJP in connection with the post-divorce Defamation Suit and the QDRO Suit: MJP then filed a motion for summary judgment, arguing that none of the debts owed to SP fall under the purview of either 11 U.S.C § 523(a)(5) or (a)(15). SP countered with her own motion for summary judgment, stating that MJP could not receive a discharge of any of the six debts created

---

[2] The court takes judicial notice of this opinion that is available in the public record. This opinion thoroughly explains the details relevant to the Defamation Suit. Note that the appeal from the Family Court was transferred to Texarkana from the Fifth Court of Appeals in Dallas by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001.

2

by the court judgments/orders previously described, which she claimed are all debts arising from "a domestic support obligation" (§ 523(a)(5)) or, in the alternative, were "incurred by the debtor…in connection with . . . a divorce decree" (§ 523(a)(15)).

The Permanent Injunction Adversary Proceeding (# 22-3058). Thereafter, SP filed yet another complaint seeking a temporary and permanent injunction against MJP, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure [Dkt. No. 79], initiating Adversary Proceeding No. 22-3058. On July 1, 2022, the Court consolidated SP's request for a temporary injunction with the trial on the merits for a permanent injunction against MJP pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure [Dkt. No. 79]. The court also consolidated AP #22-3030 with AP # 22-3058. The Court, based on evidence, granted SP a Permanent Injunction against MJP [Dkt. No. 79], on July 13, 2022 (the "Permanent Injunction"), after disparaging communications were sent to SP's aunt, co-worker, and sorority sister, and MJP also filed pleadings and documents that were scandalous and defamatory and were irrelevant to the litigation in the Bankruptcy Court. The Permanent Injunction enjoined MJP from directly or indirectly harassing SP by filing further scandalous and irrelevant pleadings in the Bankruptcy Court and from sending any emails, mailings or communications regarding what had been expunged from the record in this case, plus anything that would be defamatory, scandalous, and/or harassing to SP.

MJP filed an untimely appeal of the Permanent Injunction on October 31, 2022 and, on the same day, he filed a Motion for Certification to the Fifth Circuit for direct review of the Permanent Injunction. His appeal was subsequently transmitted to the District Court, with a notation that it was not timely filed [Dkt. No. 145].

On November 9, 2022, MJP filed a motion to vacate the Permanent Injunction [Dkt. No. 147]. The Court entered an order denying the motion on November 17, 2022 [Dkt. No. 157]

3

("Order Denying Request to Vacate Permanent Injunction"). MJP/Appellant appealed the Order Denying Request to Vacate Permanent Injunction on November 23, 2022 [Dkt. No. 162]; he then filed his Request for Certification at issue here five days later, requesting that this Court certify his appeal for direct appeal before the Fifth Circuit Court of Appeals [Dkt. No. 167; amended at Dkt. No. 168].

The Request for Certification. Appellant cites to 28 U.S.C. § 158(d)(2)(a) as authority in support of the Request for Certification.[3] No response has been yet filed by SP. For the following reasons, the Court does not find grounds to certify an appeal to the Fifth Circuit for direct review of the Order Denying Request to Vacate Permanent Injunction.

Preliminarily, this Court is the proper court to determine whether the Request for Certification should be granted. Bankruptcy Rule 8006 governs the procedural aspects of a request for certification of a direct appeal. Pursuant to Rule 8006(d), only the court where the matter is pending may certify a direct review to the court of appeals. "[A] matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 of the first notice of appeal from the judgment, order, or decree for which direct review is sought. A matter is pending in the district court . . . thereafter."[4] Here, the effective date of Appellant's appeal of the Order Denying Request to Vacate Permanent Injunction is November 23 (i.e., the date he appealed the Order Denying Request to Vacate Permanent Injunction). Thus, the matter remains pending in this Court through December 23, 2022.

Turning to the merits of the Request for Certification, the purpose of 28 U.S.C. § 158(d)(2)(A) is to allow direct appeals from bankruptcy courts to the circuit courts of appeals in

---

[3] In 2005, Congress amended Section 158 of Title 28 of the United States Code to permit direct appeals of bankruptcy court orders to the applicable court of appeals.
[4] Fed. R. Bankr. P. 8006(b).

*limited* circumstances.[5] Section 158(d)(2)(A) contemplates that the courts of appeals shall have appellate jurisdiction over a final bankruptcy court order if the bankruptcy court, district court, or all appellants and appellees acting jointly certify that any one or more of the following circumstances exist:

> (i)     the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii)    the judgment, order, or decree involves a question of law requiring the resolution of conflicting decisions; or
> (iii)   An immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.[6]

This Court does not have reason to believe any of these circumstances exist. MJP/Appellant relies on section 158(d)(2)(A)(ii) and 158(d)(2)(A)(iii) as the basis for seeking direct certification of his appeal to the Fifth Circuit. However, he failed to file any supporting brief or supplement to explain what question of law requiring conflicting decisions is presented by the Order Denying Request to Vacate Permanent Injunction. Furthermore, it is almost impossible to see how an immediate appeal would materially advance the progress of the proceeding. Indeed, the Court has issued a Memorandum Opinion to conclude both Adversary Proceedings involved in this case, including the one from which the Permanent Injunction arose (*See* Dkt. No. 137 & 159 in Nondischargeability Adversary Proceeding). The Court also notes that Appellant has previously appealed the Permanent Injunction (untimely), and filed a prior Motion for Certification to the Fifth Circuit for direct review of the Permanent Injunction (also untimely), before filing a Motion to Vacate the Permanent Injunction and subsequently appealing the Order Denying

---

[5] 5th Circuit Court of Appeals Procedures for 28 U.S.C. 158(d) Appeals, available at:
http://www.ca5.uscourts.gov/docs/default-source/forms/5thcircuitappealsproceduresfor28usc158(d).pdf.
[6] 28 U.S.C. § 158 (d)(2)(A).

Request to Vacate Permanent Injunction. This last Request for Certification appears to be Appellant's attempt to get multiple bites at the proverbial apple. Thus, the Court finds reason to deny Appellant's Request for Certification.

Finally, given the excessively litigious nature of these Adversary Proceedings' procedural history, additional requests by the Appellant/MJP for certification to the Fifth Circuit for direct review may be grounds for sanctions.

Accordingly, IT IS HEREBY ORDERED that the Request for Certification is DENIED.

### END OF ORDER ###

6

# EXHIBIT E

BTXN 113 (rev. 3/18)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Marcus Jarrod Payne | § | |
| Debtor(s) | § | Case No.:   21−31735−sgj7 |
| Marcus Jarrod Payne | § | |
| Appellant(s) | § | Adversary No.:     22−03030−sgj |
| vs. | § | |
| Stacy Eley (Payne) | § | |
| Appellee(s) | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## NOTICE REGARDING THE RECORD FOR A BANKRUPTCY APPEAL

Federal Rule of Bankruptcy Procedure 8009 prescribes the deadlines for filing the designations of items to be included in the record, requires copies to be submitted to the bankruptcy clerk to prepare the record, and directs all parties to "take any other action necessary to enable the clerk to assemble and transmit the record." Fed.R.Bankr.P. 8009(g). The purpose of this notice is to provide guidance on the local application of this rule.

### DESIGNATION OF THE RECORD

- If you are the appellant, when designating items for inclusion in the record,

  ♦ list the following items first, in this order: (1) the notice of appeal, (2) the judgment, order, or decree appealed from, (3) any opinion, findings of fact, and conclusions of law of the bankruptcy court, and (4) the docket sheet;

  ♦ then list the *other* items to be included, leaving for the end of your list any sealed documents, any exhibits, and any transcripts.

- If you are the appellee, cross−appellant, or cross−appellee and are designating additional items,

  ♦ list the following items first, in this order: (1) any notice of cross−appeal, (2) any judgment, order, or decree appealed from that the appellant has not designated, and (3) any opinion, findings of fact, and conclusions of law of the bankruptcy court that the appellant has not designated;

  ♦ then list the *other* items to be included, leaving for the end of your list any sealed documents , any exhibits, and any transcripts.

- All parties designating items to be included in the record on appeal must

  ♦ for each item, specify the document number shown on the docket sheet. If an item does not have a document number, specify the date the item was filed.

♦ If you have designated a transcript that has not been filed, order it immediately by contacting the presiding bankruptcy judge's courtroom deputy or following the instructions at http://www.txnb.uscourts.gov/transcript−and−tape−orders.

**ASSEMBLY OF THE RECORD**

Within 14 days of filing your designation of the record, pursuant to Rule 8009, submit to the bankruptcy clerk any item that is **not available in the ECF system**, using this procedure:

- Enclose sealed items and non−documentary items (e.g., removable media) in 8.5" x 11" envelopes.

- Copy all other items in PDF files to a removable storage device (e.g., USB drives, DVDs, etc.), organized in the sequence in which they were designated. Limit files to 5.0 MB in size and do not include color.

- Save copies of court exhibits in PDF files to a removable storage device, organized in the sequence in which they are designated. Limit files to 5.0 MB in size and do not include color. (Use a separate removable storage device for each hearing.)

- Label any submission with the case caption and bankruptcy court case and/or adversary proceeding number.

**TRANSMITTAL OF THE RECORD**

- The bankruptcy clerk will electronically transmit the record to the district clerk. The parties must provide a paper copy of the record, if required.

**REQUIREMENTS REGARDING PAPER RECORD**

- If the district judge requires a paper copy, the district clerk will notify you that you are required to provide a copy of the items in *your* designation **to the bankruptcy clerk**, for quality review.

- If you are notified to provide a paper copy, organize the record according to the volumes maintained in the **district court's ECF system**.

- Even if a paper copy is not required when an appeal is entered on the docket, the district judge or the district clerk may later notify you that a paper copy is required for the use of the district judge or the court of appeals.

DATED:  12/5/22                           FOR THE COURT:
                                          Robert P. Colwell, Clerk of Court

                                          by: /s/Sheniqua Whitaker, Deputy Clerk

BTXN 100 (rev. 12/14)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# EXHIBIT F

In Re:
Marcus Jarrod Payne §
§
Debtor(s) § Case No.:    21–31735–sgj7
§ Chapter No.:   7
Marcus Jarrod Payne §
Appellant(s) § Adversary No.:    22–03030–sgj
§
vs. §
Stacy Eley (Payne) § Civil Action No.:    3:22–CV–02709–X
Appellee(s) §
§
§
§
§

## TRANSMITTAL AND CERTIFICATION OF RECORD ON APPEAL

Pursuant to Federal Rules of Bankruptcy Procedure 8010, the appeal filed on 11/23/2022 regarding [157] Order denying defendant Marcus Jarrod Payne's motion to vacate permanent injunction (related document # 147) Entered on 11/17/2022 by Marcus Jarrod Payne in the above styled bankruptcy case is hereby transmitted to the U.S. District Court for the Northern District of Texas.

This record on appeal contains all items listed on the attached index, but is not in compliance with Rule 8009 of the Federal Rules of Bankruptcy Procedure and is **deficient** for the following reason(s):

- ☐ Appeal not timely filed.
- ☐ Appeal filing fee not paid.
- ☑ Appellant(s) failed to file designation of the record.
- ☐ Appellant(s)/Appellee(s) failed to provide or prepay for the items designated.
- ☐

All further pleadings or inquiries regarding this matter should be directed to the U.S. District Clerk's Office until such time as the appeal is fully processed in the U.S. District Court.

The above referenced record was delivered to the U.S. District Clerk's Office on December 12, 2022.

DATED:  12/12/22

FOR THE COURT:
Robert P. Colwell, Clerk of Court

by: /s/J. Blanco, Deputy Clerk

# EXHIBIT G



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 12, 2022**

**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY
### COURT FOR THE NORTHERN DISTRICT
### OF TEXAS DALLAS DIVISION

| | |
|---|---|
| In Re: § | |
| § | **Case No. 21-31735-SGJ-7** |
| **Marcus Jarrod Payne, Debtor** § | |
| § | |
| **Stacy Payne, Plaintiff** § | **Adversary No. 22-03030** |
| § | |
| vs. § | **Adversary No. 22-03058** |
| § | |
| **Marcus Jarrod Payne, Defendant** § | **Consolidation Requested** |

### <u>CONTEMPT ORDER</u>
**(Relates to Doc. No. 60, 85, and 118)**

It is ORDERED that Defendant Marcus Jarrod Payne is held in civil contempt of the Temporary Restraining Order ("TRO") entered by this Court on June 23, 2022 (a copy of the TRO is attached hereto and marked Exhibit A) and the Permanent Injunction ("PI") entered by this Court on July 13, 2022 (a copy of the PI is attached and marked Exhibit B).  It is further

ORDERED that Defendant Marcus Jarrod Payne is ordered to pay the attorney's fees and costs that Plaintiff Stacy Payne incurred bringing and prosecuting the following:

**Motions to Seal:**

1. *Plaintiff Stacy Payne's Motion to Strike and Seal From Public Disclosure Specific Filings and Emails of Defendant Marcus Jarrod Payne* – Doc. No. 51;

1

2. *Plaintiff Stacy Payne's Motion to Strike and Seal From Public Disclosure 1.) Debtor/Defendant Marcus Jarrod Payne's Exhibit List with Exhibits B, C, and D; and 2.) Defendant Marcus Jarrod Payne's Objection to Plaintiff's 4th Motion to Strike or Alternatively Seal from Public Disclosure Defendant's Amended Motion to Dismiss Adversary Complaint* – Doc. No. 62; and

3. Plaintiff Stacy Payne's Motion to Strike and Seal From Public Disclosure Certain Filings of Defendant Marcus Jarrod Payne – Doc. No. 117 (collectively "Motions to Seal").

**<u>Motions for Contempt:</u>**

4. *Plaintiff Stacy Payne's Motion for Defendant Marcus Jarrod Payne to Appear and Show Cause Why He Should Not Be Held in Contempt of the Temporary Restraining Orde*r – Doc. No. 60;

5. *Plaintiff Stacy Payne's Motion for Defendant Marcus Jarrod Payne to Appear and Show Cause Why He Should Not Be Held in Contempt of the Permanent Injunction* – Doc. No. 85;

6. *Plaintiff Stacy Payne's Motion for Defendant Marcus Jarrod Payne to Appear and Show Cause Why He Should Not Be Held in Contempt of the Permanent Injunction* – Doc. No. 118 (collectively "Motions for Contempt). It is further

ORDERED that Defendant Marcus Jarrod Payne shall pay, within 10 days of entry of this Order, $13,554.47 in attorney's fees and costs, with interest at 4.76% per annum, that Plaintiff Stacy Payne incurred bringing and prosecuting the Motions to Seal and Motions for Contempt.  It is further

ORDERED that Defendant Marcus Jarrod Payne is ordered to pay, within 10 days of entry of this Order, additional punitive sanctions to Plaintiff Stacy Payne in the amount of $20,000.00, with interest at 4.76% per annum, to deter Defendant Marcus Jarrod Payne's actions.

### End Of Order ###

2

Order drafted by:

Brendetta A. Scott
State Bar No. 24012219
The Anthony Scott Law Firm, PLLC
2500 Tanglewilde, Ste. 274
Houston, Texas, TX 77063
Phone: (713) 401-3447
Fax: (713) 583-0646
Email: brendetta@anthonyscottlaw.com
Attorney for Stacy Payne, Plaintiff/Movant

**EXHIBIT A**





CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 22, 2022**

**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURTFOR THE
### NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| In Re: | § |
| | § |
| Marcus Jarrod Payne, Debtor | § Case No. 21-31735-SGJ-7 |
| | § |
| Stacy Payne, Plaintiff | § Adversary No: 22-03030 |
| | § |
| vs. | § Adversary No: 22-03058 |
| | § |
| Marcus Jarrod Payne, Defendant | § Consolidated Adversary Cases |

---

### TEMPORARY RESTRAINING ORDER
### AND ORDER SETTING HEARING ON TEMPORARY INJUNCTION

---

The Court has considered the request of Plaintiff, Stacy Payne, for a temporary restraining order against Defendant Marcus Jarrod Payne.

The Court makes the following **FINDINGS**:

1.      Plaintiff is at imminent risk of irreparable injury that will harm Plaintiff's reputation, harm Plaintiff's privacy, and cause emotional harm to Plaintiff because Defendant has harassed Plaintiff.

2.      There is no adequate remedy at law available to the Plaintiff because absent relief Plaintiff will continue to be harassed by Defendant.

3.      The plaintiff has a likelihood of success on the merits.

4.      The imminent risk of injury to Plaintiff outweighs any potential injury to Defendant from grant of the injunctive relief sought by Plaintiff.

1

5.      Entry of a temporary restraining order is in the public interest.

**IT IS THEREFORE ORDER THAT**

1.      Defendant Marcus Jarrod Payne and any individual or entity, including but not limited to Defendant, Defendant's officers, agents, servants, and employees acting in concert with Defendant are enjoined from directly or indirectly harassing Plaintiff by filing any pleadings or sending anyone any emails or communications that are defamatory, scandalous, annoying, alarming and/or harassing to Plaintiff. Communications shall include, but are not limited to, mail, email, screenshot / text message, fax, internet, or hand delivery.

2.      Bond is waived and this order is enforceable immediately;

3.      This order was issued at 2:00 p.m. on June 17, 2022;

4.      Unless extended by further order of this Court, this order expires on July 1, 2022 at 2:00 p.m.;

5.      This Court shall conduct a hearing on the Plaintiff's request for further injunctive relief against the Defendants on July 1, 2022 at 9:30 a.m. before the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division at 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas; and

6.      The plaintiff shall immediately serve a copy of this order on Defendant.

### End Of Order ###

2

Order drafted by:

Brendetta A.  Scott
State Bar No. 24012219
The Anthony Scott Law Firm, PLLC
2500 Tanglewilde, Ste. 274
Houston, Texas, TX 77063
Phone: (713) 401-3447
Fax: (713) 583-0646
Email: brendetta@anthonyscottlaw.com

Attorney for Stacy Payne, Plaintiff/Movant

3

**EXHIBIT B**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 13, 2022**

United States Bankruptcy Judge

---

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § § § | Case No. 21-31735-SGJ-7 |
| Marcus Jarrod Payne, Debtor | § § | |
| Stacy Payne, Plaintiff | § § | Adversary No: 22-03030 |
| vs. | § § § | Adversary No: 22-03058 |
| Marcus Jarrod Payne, Defendant | § § § | Consolidated Adversary Cases |

---

### PERMANENT INJUNCTION

On July 1, 2022, the Court consolidated Plaintiff Stacy Payne's request for a temporary injunction with the trial on the merits for a permanent injunction against Defendant Marcus Jarrod Payne pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

The Court has considered the request of Plaintiff Stacy Payne for a permanent injunction against Marcus Jarrod Payne and makes the following **FINDINGS**:

1. It is necessary to grant Plaintiff a permanent injunction that is more specific in nature because of what the evidence has shown. Communications were sent to Plaintiff's aunt, co-worker, and sorority sister, and Defendant has filed pleadings and documents that are scandalous and defamatory.

2. Defendant's pleadings, which include mug shot pictures, incident reports, and/or narrative descriptions of scandalous and defamatory situations, which have been expunged, have been harassing to Plaintiff pursuant to Bankruptcy Rule 9011.

1

3. Plaintiff is at imminent risk of irreparable injury that will harm Plaintiff's reputation, harm Plaintiff's privacy, and cause emotional harm to Plaintiff because Defendant has harassed Plaintiff.

4. There is no adequate remedy at law available to the Plaintiff because absent relief Plaintiff will continue to be harassed by Defendant.

5. The plaintiff has a likelihood of success on the merits.

6. The imminent risk of injury to Plaintiff outweighs any potential injury to Defendant from grant of the injunctive relief sought by Plaintiff.

7. Entry of a permanent injunction is in the public interest.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT**

1. Defendant Marcus Jarrod Payne and any individual or entity, including but not limited to Defendant, Defendant's officers, agents, servants, and employees acting in concert with Defendant are permanently enjoined from directly or indirectly harassing Plaintiff by filing any pleadings and from sending any emails, mailings or communications regarding police reports, mugshots, pictures and any descriptions regarding what has been expunged plus anything that is defamatory, scandalous, annoying, alarming and/or harassing to Plaintiff. Communications shall include, but are not limited to, mail, email, screenshot / text message, fax, internet, or hand delivery.

2. Bond is waived and this order is enforceable immediately.

3. The Plaintiff shall immediately serve a copy of this order on Defendant.

### End Of Order ###

2

Order drafted by:

Brendetta A.  Scott State Bar No. 24012219
The Anthony Scott Law Firm, PLLC
2500 Tanglewilde, Ste. 274
Houston, Texas, TX 77063
Phone: (713) 401-3447
Fax: (713) 583-0646
Email: brendetta@anthonyscottlaw.com

Attorney for Stacy Payne, Plaintiff/Movant