IN THE UNITED STATES BANKRUPTCY
COURTFOR THE NORTHERN DISTRICT OF
TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § § § | Case No. 21-31735-SGJ-7 |
| Marcus Jarrod Payne, Debtor | § § | Adversary No. 22-03030 |
| Stacy Payne, Plaintiff | § § | Adversary No. 22-03058 |
| vs. | § § § | Consolidated Adversary Cases |
| Marcus Jarrod Payne, Defendant | § § | Civil Case No.: 3:22-cv-02709-X |

## APPELLEE STACY PAYNE'S BRIEF SUPPORTING MOTION TO STRIKE AND/OR SEAL APPELLANT MARCUS JARROD PAYNE'S FILINGS

TO THE HONORABLE DISTRICT JUDGE BRANTLEY:

Appellee Stacy Payne ("Appellee" or "Movant") respectfully submits this brief in support of the motion to strike or seal the following filings of Appellant Marcus Jarrod Payne ("Appellant"):

A.  *Appellant's Motion for Leave to File Documents Already Under Seal* (Doc. No. 6);
B.  *Appellant's Brief in Support of Motion for Leave to File Documents Already Under Seal* (Doc. Nos. 7 and 9);
C.  *Appellant's Counter-Objections with Responsive Assertions* (Doc. No. 13);
D.  *Appellant's Motion for Setting and Request for Emergency Hearing* (Doc. No. 14);
E.  *Defendant's Motion to Vacate Unconstitutional Permanent Injunction* (Doc. No. 16);
F.  *Defendant's Objection To Plaintiff's 4th Motion To Strike or Seal From Public Disclosure* (Doc. No. 17);
G.  *Defendant's Amended Objection To Plaintiff's Motion For Temporary Restraining Order & Complaint For Injunctive Relief* (Doc. No. 18);
H.  *Defendant's General Denial of Plaintiff's Motion For Temporary Restraining Order & Complaint For Injunctive Relief* (Doc. No. 19);
I.  *Defendant's Motion To Take Judicial Notice* (Doc. No. 20);
J.  *Defendant's Objection and Opposition To Plaintiff's 1st & 2nd Motions to Appear and Show Cause Why Defendant Should Not be Held in Contempt of Permanent Injunction* (Doc. No. 21);
K.  *Defendant's Objection and Opposition To Plaintiff's Unconstitutional Motion for Contempt & Request For Incarceration* (Doc. No. 22); and
L.  *Motion To Recuse* (Doc. No. 23) (collectively, "Appellant's Filings").

## I.      ISSUE STATEMENT

Appellant's Filings either violate the Permanent Injunction ("PI") entered at Doc. No. 79 of Bankruptcy Adversary Case No. 22-03030; were sealed in the Bankruptcy Court because the documents contained harassing, scandalous and/or defamatory language; and/or are irrelevant to this appeal[1].

## II.     RELEVANT FACTUAL BACKGROUND

1. On June 29, 2022 at Doc. No. 69, the Bankruptcy Court entered the *Order Granting Plaintiff Stacy Payne's Motion to Strike and Seal from Public Disclosure* ("First Sealing Order"). A copy of the First Sealing Order is attached as Exhibit A on page 2 of Appellee's Appendix.

2. The Bankruptcy Court granted Movant's request for a Permanent Injunction ("PI") against Appellant. The PI was signed on July 13, 2022. A copy of the PI is attached as Exhibit B on page 5 of Appellee's Appendix.

3. On January 17, 2023, Appellant filed the Appellant's Filings without court approval.

4. On or about November 2, 2022, Respondent filed an appeal of the PI under District Court Case No. 3:22-CV-2440-L. The appeal was untimely and promptly dismissed on November 8, 2022. A copy of the docket from Case No. 3:22-CV-2440-L is attached as Exhibit E on page 21 of Appellee's Appendix. (Note the dismissal order at Doc. No. 4 and attached as Exhibit F on page 24 of Appellee's Appendix.) Appellee also filed a motion to seal in that proceeding. The seal motion was granted at Doc. No. 9. A copy of the Seal Order is attached as Exhibit G on page 27 of Appellee's Appendix.

---

[1] Appellant has failed to timely and properly designate a record and statement(s) of issues as required by Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure. Based on this and other issues, Appellee has contemporaneously filed a motion to dismiss this appeal in relation to Federal Rule of Civil Procedure 41(b).

5. On December 5, 2022 at Doc. No. 173, the Bankruptcy Court entered the *Order Partially Granting Plaintiff Stacy Payne's Motions to Strike and Seal from Public Disclosure* ("Second Sealing Order"). A copy of the Second Sealing Order is attached as Exhibit C on page 8 of Appellee's Appendix. The Second Sealing Order seals all Appellant's Filings, except for the Motion to Recuse. However, the Appellant's Affidavit to the Motion to Recuse was sealed. See Exhibit C on page 8 of Appellee's Appendix.

6. On December 12, 2022 at Doc. No. 183, the Bankruptcy Court held Appellant in contempt of the PI. A copy of the Contempt Order is attached as Exhibit D on page 12 of Appellee's Appendix.

7. Appellant filed *Appellant' Motion for Leave to File Documents Already Under Seal* at Doc. No. 6 ("Motion to Seal"). Then, without court approval, Appellant proceeded to file the documents at Doc. Nos. 16-23, Appellant's Filings, as sealed documents.

8. The Court denied the Motion to Seal at Doc. No. 24, the Electronic Order, which states that the Motion to Seal was denied because Appellant has failed to overcome the 1st Amendment presumption that court documents are public. The Court then directed the Clerk of Court to unseal document numbers 16, 17, 18, 19, 20, 21, 22, and 23.

### III.   REQUESTED RELIEF

9. Because Appellant's Filings violate the PI and/or were previously sealed by the Bankruptcy Court due to scandalous and defamatory language, Movant seeks to strike or seal Appellant's Filings.

10. In more detail, Movant seeks to strike or seal the following for the stated reasons:

   A.   *Appellant's Motion for Leave to File Documents Already Under Seal* (Doc. No. 6) – because it violates the PI. (See paragraphs 1, 2, 4, and 5 in the Motion to Seal);

B. *Appellant's Brief in Support of Motion for Leave to File Documents Already Under Seal* (Doc. Nos. 7 and 9) – because it violates the PI. (See the first paragraph, paragraphs 1, 2, 3,4, III on pages 7-8, I on pages 10 -11, in Appellant's Brief at Doc. Nos. 7 and 9;

C. *Appellant's Counter-Objections with Responsive Assertions* (Doc. No. 13)- because it violates the PI (See the first paragraph, paragraphs 4, 10, and 15);

D. *Appellant's Motion for Setting and Request for Emergency Hearing* (Doc. No. 14) – because it violates the PI (See paragraphs 1 and 2);

E. *Defendant's Motion to Vacate Unconstitutional Permanent Injunction* (Doc. No. 16) – because it violates the PI (See first bold paragraph, first Introduction paragraph, paragraphs C on pages 4-5, E, F, and G);

F. *Defendant's Objection To Plaintiff's 4th Motion To Strike or Seal From Public Disclosure* (Doc. No. 17) – because it was sealed in the Second Sealing Order;

G. *Defendant's Amended Objection To Plaintiff's Motion For Temporary Restraining Order & Complaint For Injunctive Relief* (Doc. No. 18) – because it was sealed in the Second Sealing Order;

H. *Defendant's General Denial of Plaintiff's Motion For Temporary Restraining Order & Complaint For Injunctive Relief* (Doc. No. 19) – because it was sealed in the Second Sealing Order;

I. *Defendant's Motion To Take Judicial Notice* (Doc. No. 20) – because it violates the PI and was sealed in the Second Sealing Order;

J. *Defendant's Objection and Opposition To Plaintiff's 1st & 2nd Motions to Appear and Show Cause Why Defendant Should Not be Held in Contempt of Permanent Injunction* (Doc. No. 21) - because it violates the PI and was sealed in the Second Sealing Order;

K. *Defendant's Objection and Opposition To Plaintiff's Unconstitutional Motion for Contempt & Request For Incarceration* (Doc. No. 22) because it violates the PI and was sealed in the Second Sealing Order; and

L. *Motion To Recuse* (Doc. No. 23) – The Bankruptcy Court did not seal this motion; however, the Bankruptcy sealed the Affidavit to the Motion to Recuse at Doc. No. 67 in the Bankruptcy Court because it violates the PI. See the Second Sealing Order attached as Exhibit C page 8 of Appellee's Appendix.

## IV.   AUTHORITES AND ARGUMENTS

4

11. Appellee seeks the sealing of Appellant's Filings because they are scandalous, defamatory, and violate the PI. All of Appellant's Filings except the Motion to Recuse were sealed by the Bankruptcy Court. However, the Appellant's Affidavit for the Motion to Recuse was sealed. (See Exhibits C, page 8 and D, page 12 of Appellee's Appendix).

12. The Bankruptcy Court granted Appellee the PI against Appellant to enjoin Appellant and any individual or entity, including but not limited to Appellant, Appellant's officers, agents, servants, and employees acting in concert with Appellant from directly or indirectly harassing Appellee by filing any pleadings and from sending any emails, mailings or communications regarding police reports, mugshots, pictures and any descriptions regarding what has been expunged plus anything that is defamatory, scandalous, annoying, alarming and/or harassing to Appellee. Communications shall include, but are not limited to, mail, email, screenshot / text message, fax, internet, or hand delivery.

13. Rule 8009(f) of the Federal Rules of Bankruptcy Procedure states:

    "Sealed Documents. A document placed under seal by the bankruptcy court may be designated as part of the record on appeal. In doing so, a party must identify it without revealing confidential or secret information, but the bankruptcy clerk must not transmit it to the clerk of the court where the appeal is pending as part of the record. Instead, a party must file a motion with the court where the appeal is pending to accept the document under seal. If the motion is granted, the movant must notify the bankruptcy court of the ruling, and the bankruptcy clerk must promptly transmit the sealed document to the clerk of the court where the appeal is pending."

14. Appellant failed to follow Rule 8009(f). Appellant filed the Motion to Seal at Doc. No. 6; then, without court approval, Appellant proceeded to file the sealed documents anyway. The Court denied the Motion to Seal because Appellant has failed to overcome the 1st Amendment presumption that court documents are public and directed that the documents

be unsealed. Appellee seeks to have the documents[2] stricken or sealed because they were previously sealed by the Bankruptcy Court. See Second Sealing Order attached as Exhibit C on page 8 of Appellee's Appendix.

15. Section 107(b)(2) of the Bankruptcy Code states:

"On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

Appellee is seeking such protection as the Appellant's Filings contain scandalous or defamatory matters, which is why the Bankruptcy Court granted the Second Sealing Order and the PI because Appellant continuously files such pleadings.

16. The limited circumstances under which public access to bankruptcy court records may be denied are codified by Section 107(b) and (c). Section 107(b)(2) requires a court to take measures necessary "to protect a person with respect to scandalous or defamatory matter." 11 U.S.C. § 107(b). *In re Copeland*, No. 09-13443-R, 2010 WL 4683941, at *1 (Bankr. N.D. Okla. Nov. 10, 2010).

17. "Issues concerning public disclosure of documents in bankruptcy cases should be resolved under 107." *In re Phar–Mor, Inc.*, 191 B.R. 675, 679 (Bankr.N.D.Ohio 1995), not under the common law.) Id.

18. Section 105(a) is clear in its construction that the Court, "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

19. Rule 12 (f) of the FRCP states that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter..." Fed.R.Civ.P.

---

[2] Appellant's Affidavit to the Motion to Recuse, not the Motion to Recuse, was sealed by the Bankruptcy Court. See Exhibit C on page 8 of Appellee's Affidavit.

12(f).

20. Rule 12(f) permits the court to strike matters from a pleading. If a party seeks to strike a motion, application, or any portion of such a document, the court relies upon its inherent authority to expedite the administration of justice, prevent abuse of the court's process, and regulate attorneys. *In re Johnson,* 236 B.R. 540 (D.D.C. 1999).

21. A motion to strike may be granted if (1) it appears to a certainty that the plaintiff may succeed despite any set of facts which could be proven to support the defense; (2) the defense does not present a disputed and substantial question of law, which, if resolved, supports the defendant's claim; and (3) the plaintiff shows that it would be prejudiced if the defense is included. *In re Tampa Checkmate Food Serv., Inc.,* 221 B.R. 541 (Bankr. M.D. Fla. 1998).

22. Movant believed she would succeed in prosecuting the Complaint pursuant to 11 U.S.C. §523(a)(5) and (a)(15) despite any set of facts which could be proven to support the defense.[3] Second, the Appellant does not present a disputed and substantial question of law, which, if resolved, supports Appellant's claim. Appellant is merely attempting to relitigate what has already been adjudicated. His first appeal was nearly four months late. Appellant seeks another bite at the apple. Appellant's allegations are baseless, insufficient, and scandalous; and therefore, Appellant's Filings should be stricken or sealed from public disclosure. Third, Movant would be prejudiced if Appellant's Filings remain unsealed as the matters have been previously adjudicated, sealed, and/or found to violate the PI. Appellant's Filings are scandalous and defamatory against Appellee.

---

[3] On November 22, 2022, the Court has entered the *Amended Memorandum Opinion and Order Granting in Part and Denying in Part Plaintiff's and Defendant's Competing Motions for Summary Judgment* at Doc. No. 161.

23. In *June Med. Services, L.L.C. v. Phillips,* 22 F.4th 512 (5th Cir. 2022), the Fifth Circuit held "Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). And "the public's right of access to judicial records is a fundamental element of the rule of law." *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). "The public has an interest in transparent court proceedings that is independent of the parties' interests." *In re Gee*, No. 19-30953, slip op. at 8, 2019 WL 13067384 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted). This right "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)). *June Med. Services, L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022)

24. To decide whether something should be sealed, the court must undertake a " 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.' " *Le,* 990 F.3d at 419. (quoting *Vantage,* 913 F.3d at 451; *Bradley*, 954 F.3d at 225).  However, by failing to "articulate any reasons that would support sealing" those documents, the district court erred. *June Medical Services L.L.C.at 521.* Here, there are reasons that would support sealing documents from public disclosure.

25. Unlike *June Medical Services L.L.C.,* Appellee has articulated a reason that supports the sealing of court documents.  Furthermore, since these records would not be present under

regular circumstances, it is improper to allow Appellant to use information under the guise of a "Public Records" policy or freedom of speech under the First Amendment of the U.S. Constitution.

26. In *Binh Hoa Le v. Exeter Financial Corporation* 990 F.3d 410 (5th Cir. 2022), the fifth circuit held, 'Judicial records belong to the American people; they are public, not private, documents…But increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps. *Le* at 417.

27. The *Le* court explains, "Providing public access to judicial records is the duty and responsibility of the Judicial Branch." *Id.*  In this tradition, American judicial proceedings are public. And judges must protect public accessibility for three mutually reinforcing reasons: (1) the public has a right to monitor the exercise of judicial authority; (2) judges are "the primary representative[s] of the public interest in the judicial process"; and (3) the judiciary's institutional legitimacy depends on public trust. Public trust cannot coexist with a system wherein "important judicial decisions are made behind closed doors" and, worse, private litigants do the closing. *Id* at 418

28. The *Le* Court discussing the legal standards that allow the sealing of documents stated, "The second standard, a stricter balancing test, applies "once a document is filed on the public record"—when a document "becomes a 'judicial record." *Id* at 419.

29. The *Le* court states that it is the judge, not the parties that determine the right to public access, and it was the parties who erred in thinking that they had such an unwarranted authority.   "True, even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "most litigants have no incentive

to protect the public's right of access." That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "makes no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Id* at 419.

30. In *Le,* both parties agreed among themselves to seal court records, and the district court allowed this. The Court of Appeals criticized that the district court granted an agreed protective order, authorizing the sealing, in perpetuity, of any documents that the parties *themselves* labeled confidential. Result: nearly three-quarters of the record—3,202 of 4,391 pages—is hidden from public view, for no discernable reason other than both parties wanted it that way. *Id* at 417. Unlike *Le*, Appellee is not attempting to seal 75% of public material from the public. She is merely asking the court to remove records that were previously sealed and violate the PI because the records are defamatory or scandalous material.

31. The *Le* Court stated, "Here, there is no separate sealing order at all. There is only the protective order entered for purposes of "discovery in this matter." That order granted the parties wide latitude to designate "Confidential" any information they believed in good faith was "not generally known" and would ordinarily be revealed in confidence or not at all. Unlike *Le,* Appellee is not being granted a wide latitude to designate "Confidential" information for exclusion to the public records. She is requesting that the court not allow a record that has been previously sealed and/or violates the PI be

10

considered public information and that certain material that is defamatory or scandalous be removed from record.

32. Appellee is seeking under Section 105(a), Section 107(b), Rule 12(f), and pursuant to the PI and Second Sealing Order. Appellant's tactics should not be tolerated by this Court as the language in Appellant's Filings violate the PI and have predominately been sealed.

## V.     CONCLUSION:

Appellee respectfully requests that the Court strike, in their entirety, and/or seal from public disclosure Appellant's Filings. Movant further requests any other relief that the Court deems fair and equitable.

DATED: February 3, 2023

Respectfully Submitted,

THE ANTHONY SCOTT LAW FIRM, PLLC

By: */s/ Brendetta Anthony Scott*
Brendetta Anthony Scott
State Bar No. 24012219
brendetta@anthonyscottlaw.com
2500 Tanglewilde St., Ste. 274
Houston, Texas 77063
Telephone: 713.401.3447
Facsimile: 713.583.0646
ATTORNEY FOR APPELLEE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon the party shown below by email or electronically by the Clerk of the Court on February 3, 2023:

Marcus Jarrod Payne, Appellant
mmjpayne@gmail.com

By: */s/ Brendetta Anthony Scott*
Brendetta Anthony Scott