UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS JARROD PAYNE, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:22-CV-2709-X |
| § | |
| STACY ELEY PAYNE, § | |
| § | |
| *Defendant.* § | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on remand from the Fifth Circuit. This Court previously dismissed this appeal, and the Appellant, Marcus Jarrod Payne ("Marcus"), appealed the dismissal order to the Fifth Circuit. The Fifth Circuit entered an order vacating the dismissal order and remanding the action back to this Court for further proceedings. Having reviewed the Fifth Circuit's order and the applicable caselaw, the Court **ORDERS** Appellant, Marcus Jarrod Payne, to file an appeal brief detailing the issues and arguments raised by this appeal within 21 days of entry of this order.

**I. Background**

The Bankruptcy Court entered a permanent injunction against Marcus enjoining him from directly or indirectly harassing Appellee, Stacy Payne ("Stacy").[1] Marcus appealed, and Judge Lindsay dismissed the appeal for lack of jurisdiction

---
[1] Doc. 32 at 2–4.

because it was untimely.[2] Marcus then filed a motion to vacate the PI in the Bankruptcy Court, which it denied, and Marcus appealed the "Order Denying Defendant Marcus Jarrod Payne's Motion to Vacate Preliminary Injunction" to this Court.[3] Marcus is pro se, and Stacy has retained counsel. The Bankruptcy Court filed a "Notice Transmitting DEFICIENT BK Record on Appeal" notifying Marcus that the appeal was deficient for failing to file a designation of the record, and the notice was also on the docket in this Court.[4] Marcus filed a Request for Certification of Direct Appeal to the Fifth Circuit Court of Appeals in the Bankruptcy Court, which it denied.[5] Marcus then filed a number of motions in this Court, including: (1) a motion for leave to make immediate designation of record,[6] (2) an emergency motion for certification to file a direct appeal to the 5th Circuit Court of Appeals,[7] and (3) a motion to take judicial notice.[8]

This Court denied the motions,[9] noting that the designation of record should have been filed in the bankruptcy court, not the district court, and Stacy filed a motion to dismiss this appeal.[10] This Court granted the motion to dismiss.[11] In the

---

[2] *Id.* at 8–10.

[3] Doc. 1. The Bankruptcy Court denied the motion to vacate on November 16, 2022, and Marcus filed the notice of appeal in this Court on November 23, 2022. Doc. 1-1.

[4] Doc. 4.

[5] Doc. 32 at 11–17.

[6] Doc. 8.

[7] Doc. 15.

[8] Doc. 20.

[9] Doc. 24.

[10] Doc. 30.

[11] Doc. 38.

dismissal order, this Court explained that the appeal remained deficient because Marcus did not file the designation of record in the bankruptcy court, and Marcus never filed an appeal brief.[12] The dismissal order also stated: "[u]nder the current circumstances of Marcus Payne's continual failure to correct the deficiencies of his appeal, the Court lacks the power to hear this case and has no choice but to GRANT the motion to dismiss."[13] Marcus appealed the dismissal order and filed a motion to proceed IFP on appeal.[14] This Court also denied Marcus's motion to proceed IFP.[15]

The Fifth Circuit reversed the order denying Marcus's motion to proceed IFP, and then granted his IFP motion, because it concluded that he qualified financially to proceed IFP on appeal.[16] The Fifth Circuit also vacated this Court's dismissal order and remanded this action for further proceedings.[17] In doing so, the Fifth Circuit explained that although this Court "may have dismissed Marcus's appeal for failure to comply with the[] procedural rules in the exercise of its discretion, it was not compelled to do so, as [the] order suggested."[18]

## II. Legal Standard

Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that a notice of appeal must be filed in the bankruptcy court "within 14 days after entry of the

---

[12] *Id.* at 2.

[13] *Id.*

[14] Docs. 40, 42.

[15] Doc. 43.

[16] *Matter of Payne*, No. 23-10570, 2023 WL 7314356, at *1 (Nov. 6, 2023).

[17] *Id.* at *2.

[18] *Id.* at *1 (citing *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000)).

judgment, order, or decree being appealed,"[19] and Federal Rule of Bankruptcy Procedure 8009 requires appellants to file with the bankruptcy clerk a record designation and statement of issues within 14 days after the notice of appeal as of right becomes effective under Rule 8002.[20] Only the failure to timely file a notice of appeal *mandates* dismissal of the appeal by a district court.[21] The Fifth Circuit explained that district courts have discretion to consider what sanctions are appropriate, but they "do[] not invariably dismiss for breaches of [] procedural rules" because "[d]ismissal is a harsh and drastic sanction that is not appropriate in all cases."[22] Situations warranting a district court's exercise of its discretion to dismiss an appeal can exist where the circumstances result in prejudice to the appellee or indicate that the appellant "has exhibited obstinately dilatory conduct."[23] The Fifth Circuit also instructed district courts to remember when considering how to exercise their discretion that "the purpose of the record designation requirement is to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal."[24]

### III. Analysis

Although Marcus's conduct has prejudiced the appellee, Stacy, and her ability to defend this appeal, the Court will allow Marcus to file an appeal brief in this

---

[19] Fed. R. Bankr. P. 8002(a)(1).

[20] Fed. R. Bankr. P. 8009.

[21] *In re CPDC Inc.*, 221 F.3d at 698.

[22] *Id.* at 698–99.

[23] *Id.* at 699–701.

[24] *Id.* at 698.

matter. But evidence of further dilatory tactics in this Court will be grounds for dismissal of this appeal. The circumstances involved here indicate Stacy has suffered prejudice, and Marcus has exhibited obstinate dilatory tactics. Importantly, Stacy's ability to respond is significantly impaired because there is no statement of issues or appeal brief. Stacy has nothing to respond to. She is not placed on notice of what issues she will need to defend or the record on which to defend any issue. And rather than filing the appropriate documents for this appeal, Marcus has filed many unnecessary motions and other documents in this Court and in the state courts, bankruptcy court, and appellate courts, causing Stacy to incur consistent legal fees in order to respond to his filings.[25] And Marcus has even been held in contempt of the Bankruptcy Court's PI order while this appeal was pending.[26]

Additionally, there is voluminous evidence of Marcus engaging in obstinate dilatory conduct. In this Court alone, he has filed motions for direct appeal, judicial notice, and immediate designations.[27] He filed an emergency motion for certification to file direct appeal to the Fifth Circuit in this Court *after* the bankruptcy court denied his substantially similar motion for certification for direct appeal.[28] There, the bankruptcy court noted that the motion was another attempt for Marcus to get multiple bites at the apple and further informed the parties that these proceedings were excessively litigious and any additional requests by Marcus for certification to

---

[25] *See* Doc. 31 at 9; *see also* Doc. 32 at 11–33.

[26] Doc. 32 at 21–23.

[27] Docs. 8, 15, 20.

[28] Doc. 32 at 11–17; Doc. 15.

5

the Fifth Circuit would be grounds for sanctions.[29] Notwithstanding the bankruptcy court's warning, less than a month after the bankruptcy court's order, Marcus filed the emergency motion for certification to file a direct appeal to the Fifth Circuit in this Court.[30] He also filed motions for setting and emergency hearings on the other motions he filed.[31]

Despite the evidence of Marcus's dilatory tactics, and the resulting prejudice to Stacy, the Court recognizes that dismissal is a "harsh and drastic sanction"[32] and therefore, the Court **ORDERS** Marcus to file within 21 days of entry of this order an appeal brief detailing with particularity the grounds for this appeal, the relief sought, and the legal argument necessary to support it.  Stacy will then have 14 days to file a response brief, and Marcus will have 7 days from the date of Stacy's response to file a reply, consistent with local rules 7.1 and 7.2.  The Court will consider any attempts to file unnecessary motions or other documents, beyond the appeal brief just mentioned, as further evidence of the obstinate dilatory tactics warranting dismissal of this action.  Likewise, failure to file an appeal brief within 21 days will warrant dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED** this 14th day of November, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[29] Doc. 32 at 17.

[30] Doc. 15.

[31] Doc. 14.

[32] *In re CPDC Inc.*, 221 F.3d at 699.