UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS JARROD PAYNE, § § *Appellant*, § § v. § § STACY ELEY PAYNE, § § *Appellee*. § § | Civil Action No. 3:22-CV-2709-X |

### MEMORANDUM OPINION AND ORDER

Before the Court is Appellant, Marcus Jarrod Payne's motion to recuse. (Doc. 48). Having reviewed the parties' arguments and the applicable law, the Court **DENIES** the motion.

### I. Background

The Bankruptcy Court entered a permanent injunction against the Appellant, Marcus Jarrod Payne ("Marcus"), enjoining him from directly or indirectly harassing Appellee, Stacy Payne ("Stacy").[1] Marcus appealed, and Judge Lindsay dismissed the appeal for lack of jurisdiction because it was untimely.[2] Marcus then filed a motion to vacate the PI in the Bankruptcy Court, which it denied, and Marcus appealed the "Order Denying Defendant Marcus Jarrod Payne's Motion to Vacate Preliminary Injunction" to this Court.[3] This Court dismissed this appeal, and Marcus

---

[1] Doc. 32 at 2–4.

[2] *Id.* at 8–10.

[3] Doc. 1.

appealed the dismissal order to the Fifth Circuit. The Fifth Circuit entered an order vacating the dismissal order and remanding the action back to this Court for further proceedings.[4] Having reviewed the Fifth Circuit's order and the applicable caselaw, this Court ordered Marcus to file an appeal brief detailing the issues and arguments raised by this appeal because, although this appeal was filed in December 2022, Marcus had not yet filed a merits brief.[5] In that order, the Court cautioned that it would consider any attempts to file unnecessary motions or other documents, beyond the appeal brief, as further evidence of obstinate dilatory tactics warranting dismissal of this action.[6] Marcus then filed the motion to recuse presently before the Court[7] and subsequently filed an appeal brief.[8]

## II. Legal Standard

The motion to recuse implicates two statutes: 28 U.S.C. § 144 and 28 U.S.C. § 455. First, section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may

---

[4] *Matter of Payne*, No. 23-10570, 2023 WL 7314356, at *1–2 (Nov. 6, 2023).

[5] Doc. 47.

[6] *Id.* at 4–6.

[7] Doc. 48.

[8] Doc. 52.

file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[9]

Section 144 "applies only to charges of actual bias."[10] When considering a motion under section 144, the Fifth Circuit has specified that the "judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged."[11] There are three requirements for an affidavit to be legally sufficient: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature."[12] The alleged bias must be a "personal bias and prejudice against the party or in favor of the adverse party."[13]

Second, Section 455(a) requires any United States judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[14] The test for recusal under section 455(a) "is an objective one."[15] The party seeking recusal must show that, "the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality."[16] Guided by this objective standard,

---

[9] 28 U.S.C. § 144.

[10] *Harmon v. Dallas Cnty.*, No. 3:13-CV-2083-L, 2017 WL 3394724, at *6 (N.D. Tex. Aug. 8, 2017) (Lindsay, J.) (citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990)).

[11] *Henderson*, 901 F.2d at 1296 (cleaned up).

[12] *Id.* (cleaned up).

[13] *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975).

[14] 28 U.S.C. § 455(a).

[15] *Harmon*, 2017 WL 3394724, at *6 (citing *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 378 (5th Cir. 2002)).

[16] *IQ Prods. Co.*, 305 F.3d at 378 (cleaned up).

3

the analysis of a section 455(a) claim is "fact driven" and "must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue."[17] The district judge's decision to disqualify himself is within his "sound discretion" and is "reviewed for abuse of discretion."[18]

### III. Analysis

Marcus contends that this judge must recuse because the progression of this appeal constitutes evidence of this judge's prejudice and bias against him.[19] Specifically, he explains that this judge's order dismissing the appeal and the subsequent, post-remand order affording Marcus another opportunity to file a merits brief is evidence of bias because the Court warned that any repeated, unnecessary filings could warrant dismissal.[20] Marcus's arguments are entirely judicial in nature—he contends that this Court's prior orders constitute evidence of bias against him. And the arguments here are so tenuous that a reasonable observer would not suspect that this judge harbored bias or prejudice against Marcus based on the prior judicial orders.

---

[17] *U.S. v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (cleaned up).

[18] *In re Deepwater Horizon*, 824 F.3d 571, 579–80 (5th Cir. 2016); *see also Breitling v. LNV Corp.*, No. 3:15-CV-0703-B, 2016 WL 4126393, at *1 (N.D. Tex. Aug. 3, 2016) (Boyle, J.) ("The Fifth Circuit has noted that, despite the statute's mandatory language, a decision to recuse under § 455(a) is discretionary." (citing *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997))).

[19] Doc. 48.

[20] *Id.*

The Court dismissed this appeal because Marcus failed to file an appeal brief and failed to correct the appeal's deficiencies.[21] The Fifth Circuit vacated this Court's dismissal order and remanded this action for further proceedings.[22] In doing so, the Fifth Circuit explained that although this Court "may have dismissed Marcus's appeal for failure to comply with the[] procedural rules in the exercise of its discretion, it was not compelled to do so, as [the] order suggested."[23] Rather than dismiss Marcus's appeal for failing to comply with procedural rules in an exercise of its discretion, including failing to file merits brief for nearly a year, this Court directed him to file an appeal brief.[24] A second bite-at-the-apple is not evidence of prejudice or bias. Not at all. And the Court's order—attempting to help Marcus avoid dismissal for violating Court orders—simply explained that further unnecessary filings could warrant dismissal. These "judicial rulings . . . and ordinary admonishments" do not "display[] deep-seated and unequivocal antagonism that would render fair judgment impossible."[25] To the contrary, the Court afforded Marcus the opportunity to brief the merits of his appeal rather than dismiss it for its procedural deficiencies. Therefore, the motion to recuse and its facts are purely judicial in nature and are therefore legally insufficient under Section 144 to require

---

[21] Doc. 38.

[22] *Matter of Payne*, 2023 WL 7314356, at *1–2.

[23] *Id.* at *1.

[24] Doc. 47.

[25] *Liteky v. U.S.*, 510 U.S. 540, 556 (1994).

5

this judge's disqualification, and there is no objective basis for this judge to recuse himself in an exercise of discretion under section 455(a).

### IV. Conclusion

The Court **DENIES** appellant's motion to recuse.  (Doc. 48).

**IT IS SO ORDERED** this 3rd day of January, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE