UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS JARROD PAYNE, § § *Appellant,* § § v. § § STACY ELEY PAYNE, § § *Appellee.* § § § | Civil Action No. 3:22-CV-2709-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellant, Marcus Jarrod Payne's ("Marcus"), appeal of the Bankruptcy Court's order denying his motion to vacate the permanent injunction. (Doc. 1). Having reviewed the parties' arguments, the underlying facts, and the applicable law, the Court **AFFIRMS** the bankruptcy court's order denying the motion to vacate the permanent injunction.

### I. Background

This dispute concerns an order enjoining Marcus from directly or indirectly harassing the Appellee, Stacy Eley Payne ("Stacy"). In 2021, Stacy sought to enforce monetary judgments against Marcus, and Marcus filed for bankruptcy.[1] During the course of the bankruptcy proceeding, the Bankruptcy Court entered a permanent injunction enjoining Marcus from directly or indirectly harassing Stacy.[2] Marcus

---

[1] Doc. 56 at 8.

[2] Doc. 32 at 2–4.

appealed, and Judge Lindsay dismissed the appeal for lack of jurisdiction because it was untimely.[3]

Marcus then filed a motion to vacate the injunction in the Bankruptcy Court, which it denied, and Marcus appealed the "Order Denying Defendant Marcus Jarrod Payne's Motion to Vacate Permanent Injunction" to this Court.[4] This Court dismissed the appeal explaining that the appeal remained deficient because Marcus did not file the designation of record in the bankruptcy court or an appeal brief.[5] Marcus appealed the dismissal order to the Fifth Circuit.[6] The Fifth Circuit entered an order vacating the dismissal order and remanding the action back to this Court for further proceedings.[7] This Court ordered Marcus to file an appeal brief detailing the issues and arguments raised by this appeal,[8] and Marcus did so.[9]

Marcus contends that the bankruptcy court's denial of his motion to vacate the permanent injunction violates his "right to unexcepted freedom of speech and expression" under the First Amendment and is judicial misconduct.[10] He claims that the bankruptcy court denied his motion to vacate the injunction because it "angered

---

[3] *Id.* at 8–10.

[4] Doc. 1.

[5] Doc. 38 at 2.

[6] Doc. 40.

[7] *Matter of Payne*, No. 23-10570, 2023 WL 7314356, at *1–2 (5th Cir. Nov. 6, 2023).

[8] Doc. 47.

[9] Doc. 52.

[10] *Id.* at 10.

and offended [the judge's] ego," and it was an attempt to impede his "right to unexcepted freedom of speech."[11]

## II. Legal Standard

Appellate courts review a denial of a motion to vacate a judgment for abuse of discretion.[12] "A court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[13] "Under this standard, the court's decision need only be reasonable."[14]

## III. Analysis

The Court concludes that the bankruptcy court did not abuse its discretion in denying Marcus' motion to vacate the permanent injunction. "Federal courts . . . have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651."[15] Moreover, 11 U.S.C. § 105 gives bankruptcy courts authority to issue orders that are necessary to carry out the provisions of the bankruptcy code.[16] When determining whether to enjoin future filings, courts should consider four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.[17]

---

[11] *Id.* at 10–11.

[12] *Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018).

[13] *Id.* (cleaned up).

[14] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993).

[15] *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017).

[16] *Id.*

[17] *Id.*

Here, the bankruptcy court considered the relevant factors in issuing the permanent injunction. The court determined that the evidence showed Marcus filed numerous pleadings that were scandalous and defamatory as well as other engaging in other harassing behavior.[18] It also found that Marcus' filings were being presented for an improper purpose (to harass), in violation of Bankruptcy Rule 9011.[19] And the record supports these findings. Moreover, the court determined that there was no adequate remedy at law, and Stacy would suffer irreparable injury absent an injunction.[20] Rather than impose a harsh sanction, which the bankruptcy court could have done, the court tailored its order to proscribe only harassing behavior and achieve orderly disposition of this matter. It simply enjoined Marcus from continuing to directly or indirectly harass Stacy.[21]

Furthermore, Marcus' constitutional argument is squarely against the law. Marcus contends that he has an unexcepted right to free speech under the First Amendment, and this injunction, preventing him from harassing Stacy, violates his unexcepted First Amendment rights. Importantly, free speech is not absolute. "[T]he First and Fourteenth Amendments have never been thought to give absolute protection to every individual to speak whenever or wherever he pleases or to use any

---

[18] Doc. 57 at 2.

[19] *Id.*

[20] *Id.* at 2–3.

[21] *Id.*

form of address in any circumstances that he chooses."[22]  For instance, a person who falsely shouts "fire" in a public place will not be protected by the free speech clause.[23]

Critically, the Fifth Circuit found that "courts . . . have the power to enjoin harassing communication."[24]  Here, the bankruptcy court simply enjoined Marcus from harassing Stacy.[25]  And the injunction only proscribes harassing conduct and communications.[26]  It does not prohibit legitimate communications and filings.[27]  Thus, the injunction does not violate the First Amendment, and the bankruptcy court did not abuse its discretion in denying Marcus's motion to vacate the permanent injunction.

## IV. Conclusion

The Court **AFFIRMS** the bankruptcy court's order denying the motion to vacate the permanent injunction and directs the Clerk to close this action.

**IT IS SO ORDERED** this 25th day of March, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[22] *Cohen v. California*, 403 U.S. 15, 19 (1971).

[23] *Schenck v. United States*, 249 U.S. 47, 52 (1919).

[24] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005).

[25] Doc. 57 at 2–3.

[26] *Id.*

[27] *Id.*

5